UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WAYNE GARY MASCIARELLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1206-JDT-cgc |
| ) | |
| OFFICER NEWHOUSE, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER TO MODIFY THE DOCKET, DISMISSING CASE WITH PREJUDICE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On April 8, 2021, the Court dismissed the *pro se* prisoner complaint filed by Plaintiff Wayne Gary Masciarella and granted leave to file an amended complaint. (ECF No. 6.) Masciarella filed an amended complaint on April 29, 2021. (ECF No. 7.)

Masciarella's claims arise out of an incident that occurred on September 22, 2019, at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee. (*Id.* at PageID 70.) In the original complaint, Masciarella sued Correctional Officer Newhouse, Lieutenant (Lt.) Kevin Scott, Lt. Killingsworth, S/S Trina Neal, Chief of Security Ester, and CoreCivic. (ECF No. 1 at PageID 1; ECF No.1-1 at PageID 13.) He asserted claims under the Eighth Amendment for failure to protect and lack of adequate medical care. (ECF No. 1-1 at PageID 14-16.) However, the Court found his allegations failed to state a claim on which relief may be granted.

In the amended complaint, Masciarella again sues Officer Newhouse, but he does not include any of the other original Defendants. He also sues three new Defendants: Officer First Name Unknown (FNU) Taylor, Nurse FNU Drummit, and Nurse FNU Powers. (ECF No. 7 at PageID 70.) The Clerk is directed to MODIFY the docket to add Taylor, Drummit, and Powers as Defendants.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal (ECF No. 6 at PageID 59-61), and will not be reiterated here.

Masciarella's amended complaint does not cure any of the deficiencies in the original complaint that were identified in the Court's April 8, 2021, order. In fact, the amendment contains no factual narrative at all[1] and includes only one general allegation that he was denied medical care by Defendant Newhouse: "On 9-22, 2019 Plaintiff alleges that after being beaten by three inmates he was denied medical treatment, and attention by Officer Newhouse." (ECF No. 7 at PageID 70.) There are no factual allegations whatsoever against any of the other named Defendants. The amended complaint thus wholly fails to state a claim for relief.

Because Masciarella's amended complaint fails to state a claim on which relief can be granted, this case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

---

[1] The April 8 order specifically advised Masciarella "that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading." (ECF No. 6 at PageID 69.)

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Masciarella, the Court recommends this dismissal be assessed as a strike, to take effect when judgment is entered. *See Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015); *Simons v. Washington*, 996 F.3d 350, 352-54 (6th Cir. 2021).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE